ROBERT RHODES *v* JOHN F. MORGAN & CO.

GUARANTY. *Demand of payment. When necessary.* Upon the back of a constable's receipt for a promissory note in the usual form, Robert Rhodes wrote the following assignment: "For value received, I assign the within receipt to J. F. Morgan & Co., and guarantee the payment of the same. January 9th, 1860. Signed, Robert Rhodes."

*Held,* That no action could be maintained against Rhodes without first demanding payment of the principal—that is, the maker of the note.

Cases cited: 3 Yerg., 330; 10 Hum., 37.

---

FROM GILES.

---

Appeal from the Circuit Court.   A. M. HUGHES, Judge.

JONES & SON for Rhodes.

BROWN & McCOLLUM for Morgan.

TURNEY, J., delivered the opinion of the Court.

J. S. Martin executed a receipt in the words: "Columbia, Tenn.   Received, January 13, 1859, from the hands of Robert Rhodes, one note on J. &. J. Lawin, made payable to Mrs. Cynthia Booker, for three hundred and seventy-five dollars, due January 1, 1858.   This note has a credit of one hundred and forty dollars, July 1, 1858, and one of twelve dollars, January 13, 1859, which I promise to collect, as an officer.   J. S. Martin, C. M. C."   On the

back of this receipt is endorsed: "For value received I assign the within receipt to J. F. Morgan & Co., and guarantee the payment of the same, January 9, 1860. Robert Rhodes."

This action is brought against Rhodes upon his endorsement. A guaranty is an undertaking to answer for the payment of some debt, or the performance of some contract or duty of another, in case of the failure of such other to pay or perform. If the guaranty fix on its face a day certain for the payment of money, as in *Taylor & Williams* v. *Ross*, 3 Yer., 330, or if the original undertaking for the delivery of property fix the time and place of delivery, and such contract is assigned with a guaranty for the payment of the property, as in *Hunter* v. *Dick*, in 10 Hum., 37, the mere failure of the original to pay or deliver, without more, gives cause of action against the guarantor, because of the restrictions which are essential parts of the contracts and endorsements. In the money engagement the precise day of payment being fixed, without stipulation for place, the law fixes that at the party's house or place of business as definitely as the property contract fixes it in terms, thus making it the duty of the guarantor to be present and take notice of the performance or failure of him for whom he has bound himself. But in the general, unrestricted guaranty, like the one before us, it is required of the guarantee to demand payment of the principal before he may proceed against the guarantor, for, as we have already

seen, the obligation of the guarantor is to pay if the principal will not, and it can only be known that he will not, when he has been requested and has refused; the guarantor has no legal right to require him to pay, because he has parted with his interest in the contract, and because the principal cannot be required to pay, except to him who is the lawful holder of his undertaking; he can only know that holder by the possession of, and endorsements upon the instrument.

The payor, after he has delivered his undertaking and separated from his creditor, does not, and is not presumed to, know its repository, else it might devolve upon him to follow it through an indefinite number of transfers and assignments.

Reverse the judgment.